# UNITED STATES DISTRICT COURT

for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No.  23-mj-578 |
| A GOLD AND PINK IPHONE AND A PINK IPHONE LISTED AS EXHIBITS # 0001 | ) |
| AND 0002 IN THE CUSTODY OF ATF AT THE UNITED STATES CUSTOM HOUSE | ) |
| 200 CHESTNUT STREET, ROOM 604, PHILADELPHIA, PENNSYLVANIA | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
    See Attachment A

located in the _____Eastern_____ District of _____Pennsylvania_____ , there is now concealed *(identify the person or describe the property to be seized)*:
    See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(C) | Possession with intent to distribute fentanyl and "crack" cocaine |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of a drug trafficking crime |
| 18 U.S.C. § 922(g)(1) | Possession of a firearm by a felon |

The application is based on these facts:

  See attached affidavit

☑ Continued on the attached sheet.

❑ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

 

_____/s/ Timothy Flanagan_____
*Applicant's signature*

_____Timothy Flanagan, ATF Special Agent_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____03/17/2023_____

    _____/s/ Richard A. Lloret_____
    *Judge's signature*

City and state: ___Philadelphia, PA___

    Richard A. Lloret, U.S. Magistrate Judge
    *Printed name and title*

## <u>ATTACHMENT A</u>

### ITEMS TO BE SEARCHED

The property to be searched is the following devices (together, the "**TARGET TELEPHONES**"):

**TARGET TELEPHONE 1**: Apple iPhone, gold and pink in color, with a cracked screen and pieces missing from the top right and bottom corners, currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0001.

**TARGET TELEPHONE 2**: Apple iPhone, pink in color, with damage to the top and bottom on the rear side of the phone, contained in a black multi-colored case bearing the writing "Sansan New York Los Angeles Tokyo London Paris," currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0002.

### ATTACHMENT B

### PROPERTY TO BE SEIZED

1.       All records on the **TARGET TELEPHONES** described in Attachment A that relate to violations of Title 21, United States Code Section 841(a)(1), (b)(1)(C) (possession with intent to distribute fentanyl and "crack" cocaine); Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime); or Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon) that have been committed, are being committed, or will be committed by Terrance GREEN and/or anyone acting together or in concert with him, including:

   a.   Photographs and videos stored on the **TARGET TELEPHONES**, including those stored within applications downloaded to the **TARGET TELEPHONES**;

   b.   Call logs and contact directory, including logs of incoming and outgoing calls to and from the **TARGET TELEPHONES** and the contacts saved on the **TARGET TELEPHONES**;

   c.   Text message, instant message, and iMessage conversations located within the **TARGET TELEPHONES**' Messages application, as well as text message conversations located within any of the **TARGET TELEPHONES**' other messaging applications;

   d.   Communications (including voice mail, voice messages, text messages, instant messages, iMessages, and communications via applications downloaded onto the phone) and other records (including photographs, videos, audio files and notes) relating to the theft, possession, and/or sale of firearms or illegal drugs, and payments or other items exchanged;

e.  Internet browsing activity and history, calendar entries, notes, memoranda, and digital documents, photographs and images, that relate to the theft, possession, and/or sale of firearms or illegal drugs;

f.  Any documents, spreadsheets, calendar, note, password or other database entries related to criminal activity;

g.  Location information;

h.  Evidence of user attribution showing who used or owned the **TARGET TELEPHONES**, such as communications (including voice mail, voice messages, text messages, and communications via applications downloaded onto the phone), photographs, videos, subscriber information, saved usernames and passwords, documents, browsing history, GPS data, address books, directories, and calendars;

i.  Evidence of user attribution showing who used or owned the **TARGET TELEPHONES** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

j.  All bank records, checks, credit card bills, account information, and other financial records located within the **TARGET TELEPHONES**.

2.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCH OF A
GOLD AND PINK IPHONE AND A PINK
IPHONE LISTED AS EXHIBITS # 0001 AND
0002 IN THE CUSTODY OF ATF AT THE          Case No. 23-mj-578
UNITED STATES CUSTOM HOUSE 200
CHESTNUT STREET, ROOM 604,
PHILADELPHIA, PENNSYLVANIA

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Timothy Flanagan, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms,

and Explosives ("ATF"), being duly sworn, do state the following:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am employed as a Special Agent with the ATF and have been so employed since

January of 2022. I am currently assigned to the ATF Violent Crime Task Force. As a Special

Agent for the ATF, I have investigated violations of federal law being committed by violent

offenders and criminal organizations, including robberies, drug offenses, kidnapping, and

firearms offenses. I have successfully completed the Criminal Investigator Training program as

well as the ATF Special Agent Basic Training program. As a result of my training and

experience, I am familiar with investigations involving violations of Federal firearms and

narcotics laws, and I am familiar with Federal search warrants and seizing evidence in

accordance with the probable cause set forth in the affidavits. I have attended training

encompassing the use of electronic devices as a means of communication and am familiar with

the use of cellular phones and electronic communication to facilitate criminal activities.

2.      As a federal agent, I am authorized to investigate violations of laws of the United

States and to execute warrants issued under the authority of the United States. I make this

affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure

for a search and seizure warrant authorizing the search and examination of the following devices (the "**TARGET TELEPHONES**") described in the following paragraphs and in Attachment A. The items to be seized pursuant to the search warrant are more fully described in Attachment B.

    a.  **TARGET TELEPHONE 1**: Apple iPhone, gold and pink in color, with a cracked screen and pieces missing from the top right and bottom corners, currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0001.

    b.  **TARGET TELEPHONE 2**: Apple iPhone, pink in color, with damage to the top and bottom on the rear side of the phone, contained in a black multi-colored case bearing the writing "Sansan New York Los Angeles Tokyo London Paris," currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0002.

    3.    Based on the facts set forth in this affidavit, there is probable cause to believe that Terrance GREEN has engaged in possession with intent to distribute fentanyl and "crack" cocaine, in violation of Title 21, United States Code Section 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1). There is also probable cause to believe that the **TARGET TELEPHONES** contain information relevant to these crimes. This affidavit is based upon my personal knowledge, my training and experience, as well as information related to me directly or through reports of other ATF Special Agents and task force officers, Philadelphia Police Department ("PPD") personnel, and other law enforcement officers in their participation in this investigation.

4.      Because this affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only those facts I believe are essential to establish the probable cause for the search warrant. This affidavit does not exhaust my knowledge or that of other agents and investigators of the facts and circumstances surrounding this investigation. All dates and times cited are approximate.

5.      The **TARGET TELEPHONES** are currently in storage at the United States Custom House. In my training and experience, and that of other investigators assisting with this investigation, I know that the **TARGET TELEPHONES** have been stored in a way that their contents are, to the extent material to this investigation, in substantially the same state as they were when the devices were first recovered by members of the ATF.

## PROBABLE CAUSE

### *Surveillance and Arrest of Terrance GREEN*

6.      On September 19, 2022, Philadelphia Police Department ("PPD") officers arrested Terrance GREEN at 5810 Filbert Street in Philadelphia, Pennsylvania for drug and firearms offenses. GREEN had been observed on September 19, 2022 distributing illegal narcotics. Surveillance was conducted by PPD Officers prior to GREEN's arrest.

7.      On or about August 30, 2022, PPD 19th District personnel received an anonymous tip that Terrance GREEN and an unidentified partner located at 5832 Filbert Street conducted drug sales "day and night" on the 5800 block of Filbert Street.

8.      On or about September 17, 2022, PPD 19th District personnel received another anonymous tip that unidentified drug dealers conducted sales "day in and day out literally sun up

to sun down" on the 5800 block of Filbert Street. The caller reported there was a "whole shootout" on the block the week before.

9.      On September 19, 2022, PPD 19th District Narcotics Enforcement Team officers conducted surveillance at 5810 Filbert Street. At approximately 11:33 a.m., officers observed GREEN outside of 5810 Filbert Street. GREEN exited the property and walked over to a silver Cadillac parked in the 5800 block of Filbert Street. GREEN opened the driver side door of the vehicle and retrieved small clear plastic baggies that the officers believed were narcotics packaging materials.

10.      At approximately 11:34 a.m., officers observed a black male wearing a gray hat, brown hooded sweatshirt, and brown shorts approach GREEN who at this time was sitting on the front porch of 5814 Filbert Street. Officers observed the male hand GREEN an unknown amount of United Stated Currency. GREEN then entered 5810 Filbert Street. After a short period of time, GREEN exited 5810 Filbert Street and handed the male unknown small items. The male got into a brown colored pickup truck and left the area. He was unable to be stopped by the surveilling officers.

11.      At approximately 11:41 a.m., officers observed a black male in a white tank top, blue jeans and white sneakers approach GREEN who was at 5814 Filbert Street. GREEN and the male engaged in a conversation. The male handed GREEN an unknown amount of United States Currency. GREEN then entered 5810 Filbert Street. While GREEN was inside the property at 5810 Filbert Street, a black female wearing a pink top, pink pants, and a black hooded sweatshirt approached 5814 Filbert Street. After a short period of time, GREEN exited 5810 Filbert Street. Officers observed GREEN hand the male unknown small items. GREEN then handed the female unknown small items. Officers conducting surveillance provided a description of the male and

female to other officers in the area. Both the male and female were stopped a short distance from 5810 Filbert Street. The female was found to be in possession of one plastic bag containing a white powdery substance later determined to be fentanyl. The bag was stamped "Redbull." The male was stopped and found to be in possession of two small purple tinted zip lock packets containing a white chunky substance later determined to be "crack" cocaine. Both the male and female were arrested for narcotics violations.

12.     At approximately 11:55 a.m., officers observed a black male, wearing a black hat, surgical mask, and a red shirt with gray and white garb approach 5814 Filbert Street. GREEN and the male engaged in a conversation and GREEN was observed handing the male unknown small items. Around the same time, GREEN was observed handing a black female wearing all dark clothing unknown small items. She then handed another female wearing black pants, a black tank top, and a burgundy bandana unknown small items.

13.     A description of GREEN, the other male, and the two females was provided to back-up officers, who attempted to stop them at approximately 11:59 a.m. Officers recovered one purple zip lock bag containing a white chunky substance later determined to be "crack" cocaine from the male wearing a black hat, surgical mask, and red shirt with gray and white garb. Officers recovered $303.00 United States Currency from GREEN. The female wearing black pants, a black tank top, and a burgundy bandana stood up and dropped unknown small items on the porch of 5810 Filbert Street. Officers recovered two purple-tinted zip lock packets containing a white chunky substance later determined to be "crack" cocaine from the porch.

14.     Officers then obtained and executed a search warrant at 5810 Filbert Street. During the search, in the living room on the first floor, the officers found mail in GREEN's name addressed to 5810 Filbert Street; a medical marijuana card in GREEN's name; a Smith &

Wesson, model M&P9 Shield M2.0, 9mm semi-automatic pistol bearing serial number JBK6230 loaded with 12 live rounds of 9mm ammunition; three loose rounds of 9mm ammunition; 379 packets of fentanyl stamped "Redbull"; 94 packets of fentanyl stamped "Magic"; bulk and individually packaged "crack" cocaine; and new and unused narcotics packaging. The officers also recovered digital scales and $3,111.00 in United States Currency from the house.

15.     GREEN was on parole at the time of his arrest on September 19, 2022, and 5810 Filbert Street was his approved residence with the Pennsylvania Parole Board.

16.     The drugs taken from the house were analyzed by the PPD Office of Forensic Science's Chemistry Unit. In total, approximately 10 grams of fentanyl and 57 grams of "crack" cocaine were recovered.

17.     On November 2, 2022, a federal grand jury indicted GREEN for possession with intent to distribute fentanyl and "crack" cocaine, in violation of possession Title 21, United States Code Section 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1). Probable cause thus exists to believe that Green violated these statutes.

### *Probable Cause to Search the TARGET TELEPHONES*

18.     The **TARGET TELEPHONES** are currently in the lawful possession of the ATF. When GREEN was arrested by PPD officers on September 19, 2022, the **TARGET TELEPHONES** were found on his person during a search incident to arrest. No other cellular telephones were recovered during the search of GREEN's residence at 5810 Filbert Street. The **TARGET TELEPHONES** were kept in the custody of the Philadelphia Department of Prisons while GREEN was detained at the Curran-Fromhold Correctional Facility. GREEN was taken

into federal custody on November 3, 2022, and the **TARGET TELEPHONES** were transferred

into ATF custody pursuant to a subpoena on November 17, 2022. Therefore, while the ATF

might already have all necessary authority to examine the **TARGET TELEPHONES**, I seek

this additional warrant out of an abundance of caution to be certain that an examination of the

**TARGET TELEPHONES** will comply with the Fourth Amendment and other applicable laws

19.     Based on my training and experience, along with that of other agents and

investigators participating in this investigation, I know that records establishing connections

between firearm sellers and possessors are frequently contained on cellular telephones like the

**TARGET TELEPHONES**. I know that cellular telephones frequently contain evidence of

criminal activity and often contain directories, phone numbers, and contact information that can

serve as a roadmap to the person(s) involved in criminal conduct with the person possessing the

cell phone. As relevant here, I know that individuals who possess firearms illegally generally

arrange for the sale/purchase of firearms using communications over cellular phones such as

text/instant messaging, phone calls, and mobile applications (e.g., Facebook, Instagram, etc.). As

such, they commonly maintain contact lists on their cellular phones that reflect names, addresses,

and/or telephone numbers of criminal associates, including suppliers of firearms, as well as

records of phone calls, texts/instant messages, and other communications with those associates.

20.     In addition, based on my training and experience, I know that cellular phones

such as the **TARGET TELEPHONES**, and mobile applications on such phones, often retain

global positioning system ("GPS") location data. Criminal actors sometimes use cellular

telephones as navigation devices, obtaining maps and directions to various locations in

furtherance of their criminal offenses. Such information will show, for instance, whether a

cellular phone like the **TARGET TELEPHONES** was at an address of a criminal associate or a crime scene at a particular time.

21.     Further, based on my training and experience, and that of other investigators participating in this investigation, I know that individuals also frequently use a cellular phone like the **TARGET TELEPHONES** to take pictures or videos of firearms that they use or possess. I am also aware that individuals, including those legally prohibited from possessing a firearm, will sometimes use a cellular phone like the **TARGET TELEPHONES** to post or send images or videos of a firearm on various social media platforms (e.g., Instagram). Such photos or videos are commonly stored on a cellular phone like the **TARGET TELEPHONES**, or in a cloud-based electronic storage environment accessible from a cellular phone like the **TARGET TELEPHONES**.

22.     Because GREEN is a previously convicted felon and unable to legally purchase firearms through conventional means or even possess firearms at all, there is probable cause to believe that GREEN acquired the firearm he possessed through illicit means. Because he cannot go through conventional means to acquire a firearm(s), there is probable cause to believe GREEN used the **TARGET TELEPHONES** to facilitate the purchase of the recovered Smith & Wesson, model M&P9 Shield M2.0, 9mm semi-automatic pistol and potentially additional firearms.

23.     Similarly, based on my training and experience, along with that of other agents and investigators participating in this investigation, I know that individuals involved in drug trafficking and the use of firearms in furtherance of drug trafficking crimes often interact with each other through the use of cellular telephones. The phones are often used to arrange meetings, discuss activities, and coordinate efforts to commit crimes, including arranging drug sales,

procuring drugs for sale, and obtaining firearms, through phone calls, text messages, social media platforms, and other means of communication.  Individuals involved in the illegal distribution of controlled substances sometimes will use separate telephones to conduct their drug trafficking activities with different individuals, i.e., separate telephones to contact different customers, suppliers, and other associates. The use of separate telephones can also serve as a means of avoiding law enforcement monitoring and detection.

24.     Here, there is probable cause to believe that GREEN used the **TARGET TELEPHONES** to obtain the fentanyl and "crack" cocaine found in his possession, potentially in coordination with other associates involved in narcotics distribution on or around the 5800 block of Filbert Street. There is also probable cause to believe that GREEN used the **TARGET TELEPHONES** to arrange narcotics transactions on the 5800 block of Filbert Street, including the multiple transactions witnessed by the PPD officers conducting surveillance on September 19, 2022.

## **TECHNICAL TERMS**

25.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.      Cellular telephone: A cellular telephone (or wireless telephone or mobile telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless

telephones offer a broad range of capabilities. These capabilities include storing

names and phone numbers in electronic "address books"; sending, receiving, and

storing text messages and e-mail; taking, sending, receiving, and storing still

photographs and moving video; storing and playing back audio files; storing

dates, appointments, and other information on personal calendars; and accessing

and downloading information from the Internet. Wireless telephones may also

include GPS technology for determining the location of the device.

      b.      Digital camera: A digital camera is a camera that records pictures as

digital picture files, rather than by using photographic film. Digital cameras use a

variety of fixed and removable storage media to store their recorded images.

Images can usually be retrieved by connecting the camera to a computer or by

connecting the removable storage medium to a separate reader. Removable

storage media include various types of flash memory cards or miniature hard

drives. Most digital cameras also include a screen for viewing the stored images.

This storage media can contain any digital data, including data unrelated to

photographs or videos.

      c.      Portable media player: A portable media player (or "MP3 Player" or iPod)

is a handheld digital storage device designed primarily to store and play audio,

video, or photographic files. However, a portable media player can also store

other digital data. Some portable media players can use removable storage media.

Removable storage media include various types of flash memory cards or

miniature hard drives. This removable storage media can also store any digital

data. Depending on the model, a portable media player may have the ability to

store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d.      GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.      PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments, or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run

computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include GPS technology for determining the location of the device.

f.     IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g.     Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

26.     Based on my training, experience, and research, I know that each of the **TARGET TELEPHONES** listed in Attachment A has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and/or PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Additionally,

the telephone may contain call logs, address books, text messages, emails, videos, photographs, or other stored data relevant to this investigation.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

27.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

28.    *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how each of the **TARGET TELEPHONES** was used, the purpose of its use, who used the device, and when. There is probable cause to believe that this forensic electronic evidence may be contained on the **TARGET TELEPHONES** because:

    a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.   The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

29.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **TARGET TELEPHONES** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of each device to human inspection in order to determine whether it is evidence described by the warrant.

30.   *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **AUTHORIZATION REQUEST**

31.     For the reasons stated above, there is probable cause to believe that GREEN has engaged in possession with intent to distribute fentanyl and "crack" cocaine, in violation of Title 21, United States Code Section 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1). There is also probable cause to search the **TARGET TELEPHONES** for evidence of these violations. The **TARGET TELEPHONES** to be searched are described more fully in Attachment A of the search warrant and affidavit, and the evidence to be seized is detailed in Attachment B of the search warrant.

Respectfully submitted,

/s/ Timothy Flanagan

Timothy Flanagan
Special Agent, ATF

Sworn to and subscribed before me this ___17th___ day of ___March, 2023___

/s/ Richard A. Lloret

United States Magistrate Judge

## ATTACHMENT A

### ITEMS TO BE SEARCHED

The property to be searched is the following devices (together, the "**TARGET TELEPHONES**"):

**TARGET TELEPHONE 1**: Apple iPhone, gold and pink in color, with a cracked screen and pieces missing from the top right and bottom corners, currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0001.

**TARGET TELEPHONE 2**: Apple iPhone, pink in color, with damage to the top and bottom on the rear side of the phone, contained in a black multi-colored case bearing the writing "Sansan New York Los Angeles Tokyo London Paris," currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0002.

## ATTACHMENT B

### PROPERTY TO BE SEIZED

1.      All records on the **TARGET TELEPHONES** described in Attachment A that relate to violations of Title 21, United States Code Section 841(a)(1), (b)(1)(C) (possession with intent to distribute fentanyl and "crack" cocaine); Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime); or Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon) that have been committed, are being committed, or will be committed by Terrance GREEN and/or anyone acting together or in concert with him, including:

  a.  Photographs and videos stored on the **TARGET TELEPHONES**, including those stored within applications downloaded to the **TARGET TELEPHONES**;

  b.  Call logs and contact directory, including logs of incoming and outgoing calls to and from the **TARGET TELEPHONES** and the contacts saved on the **TARGET TELEPHONES**;

  c.  Text message, instant message, and iMessage conversations located within the **TARGET TELEPHONES**' Messages application, as well as text message conversations located within any of the **TARGET TELEPHONES**' other messaging applications;

  d.  Communications (including voice mail, voice messages, text messages, instant messages, iMessages, and communications via applications downloaded onto the phone) and other records (including photographs, videos, audio files and notes) relating to the theft, possession, and/or sale of firearms or illegal drugs, and payments or other items exchanged;

e.   Internet browsing activity and history, calendar entries, notes, memoranda, and digital documents, photographs and images, that relate to the theft, possession, and/or sale of firearms or illegal drugs;

f.   Any documents, spreadsheets, calendar, note, password or other database entries related to criminal activity;

g.   Location information;

h.   Evidence of user attribution showing who used or owned the **TARGET TELEPHONES**, such as communications (including voice mail, voice messages, text messages, and communications via applications downloaded onto the phone), photographs, videos, subscriber information, saved usernames and passwords, documents, browsing history, GPS data, address books, directories, and calendars;

i.   Evidence of user attribution showing who used or owned the **TARGET TELEPHONES** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

j.   All bank records, checks, credit card bills, account information, and other financial records located within the **TARGET TELEPHONES**.

2.   As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania ▾

|  |  |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A GOLD AND PINK IPHONE AND A PINK IPHONE LISTED AS<br>EXHIBITS # 0001 AND 0002 IN THE CUSTODY OF ATF AT THE<br>UNITED STATES CUSTOM HOUSE 200 CHESTNUT STREET, ROOM<br>604, PHILADELPHIA, PENNSYLVANIA | )<br>)<br>)<br>)<br>)<br>) | Case No.   23-mj-578 |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Pennsylvania _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ March 31, 2023 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Duty Magistrate _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

| | |
|---|---|
| Date and time issued:   03/17/2023 1:01 pm | /s/ Richard A. Lloret<br>*Judge's signature* |
| City and state:   Philadelphia, PA | Richard A. Lloret, U.S. Magistrate Judge<br>*Printed name and title* |

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>   23-mj-578 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### ITEMS TO BE SEARCHED

The property to be searched is the following devices (together, the "**TARGET TELEPHONES**"):

**TARGET TELEPHONE 1**: Apple iPhone, gold and pink in color, with a cracked screen and pieces missing from the top right and bottom corners, currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0001.

**TARGET TELEPHONE 2**: Apple iPhone, pink in color, with damage to the top and bottom on the rear side of the phone, contained in a black multi-colored case bearing the writing "Sansan New York Los Angeles Tokyo London Paris," currently located at the United States Custom House, 200 Chestnut Street, Room 604, Philadelphia, Pennsylvania under ATF Exhibit # 0002.

## ATTACHMENT B

## PROPERTY TO BE SEIZED

1.      All records on the **TARGET TELEPHONES** described in Attachment A that relate to violations of Title 21, United States Code Section 841(a)(1), (b)(1)(C) (possession with intent to distribute fentanyl and "crack" cocaine); Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime); or Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon) that have been committed, are being committed, or will be committed by Terrance GREEN and/or anyone acting together or in concert with him, including:

   a.   Photographs and videos stored on the **TARGET TELEPHONES**, including those stored within applications downloaded to the **TARGET TELEPHONES**;

   b.   Call logs and contact directory, including logs of incoming and outgoing calls to and from the **TARGET TELEPHONES** and the contacts saved on the **TARGET TELEPHONES**;

   c.   Text message, instant message, and iMessage conversations located within the **TARGET TELEPHONES**' Messages application, as well as text message conversations located within any of the **TARGET TELEPHONES**' other messaging applications;

   d.   Communications (including voice mail, voice messages, text messages, instant messages, iMessages, and communications via applications downloaded onto the phone) and other records (including photographs, videos, audio files and notes) relating to the theft, possession, and/or sale of firearms or illegal drugs, and payments or other items exchanged;

    e.   Internet browsing activity and history, calendar entries, notes, memoranda, and digital documents, photographs and images, that relate to the theft, possession, and/or sale of firearms or illegal drugs;

    f.   Any documents, spreadsheets, calendar, note, password or other database entries related to criminal activity;

    g.   Location information;

    h.   Evidence of user attribution showing who used or owned the **TARGET TELEPHONES**, such as communications (including voice mail, voice messages, text messages, and communications via applications downloaded onto the phone), photographs, videos, subscriber information, saved usernames and passwords, documents, browsing history, GPS data, address books, directories, and calendars;

    i.   Evidence of user attribution showing who used or owned the **TARGET TELEPHONES** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

    j.   All bank records, checks, credit card bills, account information, and other financial records located within the **TARGET TELEPHONES**.

    2.   As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.